39 F.3d 1166
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
CRAIG CHEVROLET, INC., ET AL., Plaintiffs, Appellants,
v.
GENERAL MOTORS CORPORATION, Defendant, Appellee.
 No. 94-1305
 United States Court of Appeals,
First Circuit.
 Nov. 18, 1994
 
 Appeal from the United States District Court for the District of Maine [Hon. Morton A. Brody, U.S. District Judge ] [Hon. Gene Carter, U.S. District Judge ]
 Ralph A. Dyer for appellants.
 Daniel L. Goldberg, with whom Lawrence S. Buonomo, Edward W. Risko, and Bingham, Dana & Gould were on brief, for appellee.
 D.Me.
 AFFIRMED.
 Before SELYA, Circuit Judge, BOWNES, Senior Circuit Judge, and CYR, Circuit Judge.
 Per Curiam.
 
 
 1
 In this case, plaintiffs-appellants Craig Chevrolet, Inc. and Norman S. Craig sued defendant-appellee General Motors Corporation (GM) for damages arising out of (a) appellants' purchase of a Chevrolet franchise in Island Falls, Maine, and (b) the subsequent failure of that franchise. Appellants' amended complaint contained no fewer than eight separate statements of claim, two of which were later voluntarily dismissed. The remaining six statements of claim included counts for intentional misrepresentation, negligent misrepresentation, breach of contract, negligent infliction of emotional distress, violation of the Maine Dealer Protection Statute, Me. Rev. Stat. Ann. tit. 10 Secs. 1171-1186 (West 1980 & Supp. 1993), and violation of the federal Automobile Dealers' Day in Court Act, 15 U.S.C. Secs. 1221-1225 (1988). In a pretrial order, the district court (Brody, U.S.D.J.) granted summary judgment on four of these claims. See Fed. R. Civ. P.56. The case proceeded to trial on the remaining two claims. At the close of the evidence, the district court (Carter, U.S.D.J.) granted the defendant's motion for judgment as a matter of law. See Fed. R. Civ. P.50(b). This appeal ensued.
 
 
 2
 We have carefully reviewed both the summary judgment record and the trial transcript. In addition, we have entertained oral argument, studied the parties' briefs, read the district court's decisions, and researched the applicable law. We conclude, without serious question, that the lower court appropriately entered judgment in GM's favor. Accordingly, we affirm the judgment for substantially the reasons stated in Judge Brody's and Judge Carter's rulings.[1] Affirmed.
 
 
 
 [1]
 Judge Brody's rescript accepts in large part, and relies upon, a report and recommendation of Magistrate Judge Beaulieu dated January 25, 1994. To that extent, we, too, approve Judge Beaulieu's recommendation